McKinney, J.,
delivered the opinion of the Court.
It is clear, that by tire deed of Ann Marcum to Hiram and George Marcum, of the first of May, 1845, the entire estate was conveyed, and passed to the latter, as between the parties, under the reservation, at the close of the deed, of an occupancy during life, nothing remained in the donor except merely the right to possess, and, perhaps, to enjoy the profits *324 during her life. In this view, the subsequent levy and sale of the land, as the property of Ann Marcum, would pass no-title to the freehold to the purchaser at the execution sale.
There is then but one hypothesis, (the question of estoppel aside for the present,) upon which it can be maintained that Lavinia Daugherty acquired any interest — so far as regards the lands embraced in the deed of gift from Ann Marcum to her two sons, Hiram and Gfeorge Marcum — and that is, that said conveyance was fraudulent as against the creditors of the donor. This conclusion is plausibly supported by the evidence. The fact was asserted to be so by Ann Marcum, the donor, in the face of her son Hiram, and at least impliedly admitted by him to he true. Upon this point of the case, the law was not correctly stated by the Court in the instruction given to the jury. A distinction was made, based upon the-relation of the parties, which is not well founded. The charge assumes, that if, when Mrs. Marcum assented, in conversation with Hiram, that the deed of gift was made to defraud her creditors, the latter remained silent, or replied as he did, from deference to his mother, and to avoid any altercation with her, then it would not amount, to an admission, and would bo no sufficient evidence of the existence of the alleged fraud. This part of the charge is exceptionable; it not only states the rule of law incorrectly, but decides upon the effect of the evidence.
We are aware of no such distinction as is here stated. All persons, being sui juris, are required to speak out when an assertion is made, or an act done in their presence,, or with knowledge on their part, incompatible with their legal rights} and the failure to do so is taken as a tacit admission of the truth of the fact so asserted, or of the right of the person to do the act. This cogent principle applies as much between relatives as it does to strangers. The discrimination attempted is too refined for the practical purposes of society.
The effect claimed for the act of Hiram Marcum, at the time of the sheriff’s sale, is much beyond what can properly he ascribed to it. It is not very apparent from, this record *325 what particular lauds had been levied, on as Ann Marcum’s. It cannot well he supposed, however, that anything more was intended to he seised than the fifty and ten acre tracts, to which she formerly claimed title. It cannot be affirmed, .upon the proof in this record, that the request of Hiram Marcum to Lavinia Daugherty, at the time of the sale, “ not to let the land go,” had reference to anything more than the supposed lights of Ann Marcum in the fifty and ten acre tracts; as to which, it may have been thought, on all hands, that -she had such a right as was subject to seizure and sale, either under the reservation in the deed of gift, or on the ground that said deed was inoperative as against her creditors. And if Hiram Marcum could be held estopped at all by this act, the estop-pel would have only this extent. It would be a strong construction to apply the principle of estoppel to lands which Bavinia Daugherty knew belonged to Hiram Marcum, by title acquired from the State, and, consequently, could not be .supposed by a-ny one to have been levied upon as the property of Ann Marcum; and if so levied on, every one must have known that the levy and sale would have been a nullity.
Judgment reversed.